**In re BANNER IRON WORKS, Debtor.**

**Bankruptcy No. 84–01936(2).**
**Claim No. 424.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Jan. 28, 1987.

Barry Schermer, Clayton, Mo., for Creditors' Committee.

Harvey G. Schneider, St. Louis, Mo., for Pepper/Tarlton.

Gregory D. Willard, St. Louis, Mo., for Centerre Bank.

Francis L. Kenney, III, Clayton, Mo., John Evans, St. Louis, Mo., for Bethlehem Steel.

Jordan B. Cherrick, St. Louis, Mo., for debtor.

David M. Duree, St. Louis, Mo., for American Ins. Co.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### FINDINGS OF FACT

(1) At some point prior to the commencement of the instant bankruptcy case, Banner Iron Works ("Banner") and the Gilbane Building Company ("Gilbane") entered into a construction contract, known as the Ballston Common Mall Construction Contract.

(2) In connection with this contract, the American Insurance Company ("American") issued payment and performance bonds naming itself as surety and Banner as principal thereon.

(3) On November 7, 1984, an order for relief under Chapter 11 of the Bankruptcy Code was entered on Banner's voluntary Chapter 11 petition.

(4) On November 30, 1984, the Court fixed March 26, 1985, as the last date for filing claims against Banner.

(5) On December 6, 1984, the Court approved Banner's motion to reject its executory contract with Gilbane.

(6) On March 26, 1985, American filed Proof of Claim No. 424 in the sum of $929,441.00. This claim was filed as an unsecured claim arising from American's contingent liability to Gilbane as a result of Banner's breach of its contract with Gilbane and American's obligation under its performance bond on the Ballston Common Mall project.

(7) Gilbane has not filed a Proof of Claim in this case.

(8) American has not filed a Proof of Claim in this case on behalf of Gilbane.

(9) On May 7, 1985, Debtor objected to American's Proof of Claim No. 424 on a number of grounds, including but not limited to, its being not allowable as contingent under 11 U.S.C. § 502(e).

(10) On June 10, 1985, the Court authorized the Creditors' Committee to intervene in this matter and join in Banner's Objection to American's claim.

(11) On June 24, 1985, the Court filed Findings of Fact, Conclusions of Law and Order respecting American's Claims 425, 426, 428, and 429, a copy of which is attached hereto as an Appendix and incorporated by reference herein.

(12) On June 26, 1985, Banner moved to dismiss American's Proof of Claim No. 424 on a number of grounds, including but not limited to, its being not allowable as contingent under 11 U.S.C. § 502(e) and its being barred under the doctrines of law of the case, *res judicata,* collateral estoppel and *stare decisis.*

(13) On July 15, 1985, the Court confirmed Debtor's First Amended Plan of Reorganization under which American's claim, if allowed, will be accorded Class 12 treatment reserved for certain unsecured creditors.

(14) The parties have not only fully briefed the issues, but at Banner's request also engaged in discovery on this matter. American's Answers to Banner's Interrogatories were filed on February 25, 1986, and show that by check dated August 23, 1985, and honored August 30, 1985, American paid Gilbane $619,100.00 on behalf of Banner, its insured, in connection with the Ballston Common Mall project.

(15) Any of the foregoing findings of fact deemed to be conclusions of law are hereby incorporated into the conclusions of law.

### CONCLUSIONS OF LAW

(1) This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and

157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B), which the Court may hear and determine.

■ (2) Since American's Answers to Interrogatories are before the Court, the Court treats Banner's Motion to Dismiss as one for summary judgment under Bankruptcy Rule 7056. In making the foregoing findings, therefore, the Court has found the facts by considering the record in the light most favorable to American.

■ (3) American could have filed a claim on behalf of Gilbane; however, under Section 501 of the Bankruptcy Code and Bankruptcy Rule 3005 neither Gilbane nor American on behalf of Gilbane had a legal obligation to file a claim in this case. American could and did file a timely claim on its own behalf.

■ (4) A claim cannot be disallowed if it has not been filed. Gilbane, not having filed a claim or having had one filed on its behalf, has not had its claim disallowed. To the extent conclusion of law 1(b) in the Court's June 24, 1985 Order (see Appendix), held to the contrary, that holding was erroneous and is hereby overruled.

■ (5) Section 502(e)(1)(B) of the Bankruptcy Code requires the disallowance of a claim for reimbursement or contribution "to the extent that ... such claim is contingent as of the time of allowance or disallowance of such claim." "Under § 502(a), a claim filed pursuant to § 501 is deemed allowed unless objected to. Thus, if no objection is filed to a claim, the 'time of allowance or disallowance' would be the date of filing. An objection on a § 502(e)(1) ground will trigger a hearing and ruling on the objection (*See,* Bankruptcy Rule 3007) and thus, the 'time of allowance or disallowance' will be the date of the ruling." *Matter of Baldwin-United Corp.,* 55 B.R. 885, 894–95 (Bankr.S.D.Ohio 1985).

(7) American's claim at least in the amount of $619,100.00 has not been contingent since August 30, 1985, the date its check for that amount to Gilbane was honored. Its claim, therefore, is not contingent as of this date, the date of the ruling on Banner's Motion to Dismiss.

(8) Section 502(e) of the Bankruptcy Code does not provide grounds for disallowing American's Proof of Claim No. 424.

■ (9) American's Proof of Claim No. 424 is not barred from allowance under the doctrines of the law of the case, *res judicata,* collateral estoppel or *stare decisis.*

(10) An Order consistent with Memorandum Opinion will be filed simultaneously therewith.

(11) Any of the foregoing conclusions of law deemed to be findings of fact are hereby incorporated into the findings of fact.

## APPENDIX

In re BANNER IRON WORKS, Debtor.

AMERICAN INSURANCE COMPANY, Plaintiff

–v–

BANNER IRON WORKS and GILBANE BUILDING COMPANY, S.S. ADMIRAL PARTNERS, PEPPER/TARLTON, BI-STATE DEVELOPMENT AGENCY, Defendants

AMERICAN INSURANCE COMPANY, Plaintiff,

–v–

BANNER IRON WORKS and GILBANE BUILDING COMPANY, BETHLEHEM STEEL COMPANY, CENTERRE BANK NATIONAL ASSOCIATION, UNITED STATES STEEL COMPANY and WOODSTOCK CONSTRUCTION SYSTEMS, Defendants.

Case No. 84–01936(2) Claims 425, 426, 428 and 429.

Adv. No. 84–0398(2).

Adv. No. 84–0432(2).

June 24, 1985

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

Upon Banner Iron Works' ("Banner's") filing of objections to claims brought by

American Insurance Company ("American") relating to the bonds it issued regarding four of Banner's executory contracts (Hallmark contract, Claim No. 425, $750,000; S.S. Admiral contract, Claim No. 426, $750,000; St. Louis Centre contract, Claim No. 428, $100,000; and Bi-State Garage contract, Claim No. 429, $50,000), and upon American's filing of Adversary Complaint No. 84–0432(2) and Adversary Complaint No. 84–0398(2) and upon a hearing held on June 19, 1985 before this Court relating to all of the above described matters, and after notice was sent to all interested parties and upon appearances by the debtor, debtor's counsel, counsel for the creditors' committee, counsel for American Insurance Company, counsel for Centerre Bank, N.A., counsel for Pepper/Tarlton Construction Company, counsel for Gilbane Building Company, and counsel for Bethlehem Steel Company, the Court hereby makes the following findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

## FINDINGS OF FACT

1. Banner has promptly and faithfully performed the Hallmark, S.S. Admiral, St. Louis Centre, and Bi-State Garage executory contracts and all duly authorized modifications, alterations, changes or additions.

2. No guaranty or other claims have been made or can reasonably be expected to be made against Banner with respect to its performance under the Hallmark, S.S. Admiral, St. Louis Centre, and Bi-State Garage executory contracts.

3. American has made no payment to any party relating to its bonds guaranteeing Banner's performance bonds and labor and material payment bonds for the Hallmark, S.S. Admiral, St. Louis Centre, and Bi-State Garage executory contracts and no party has made a claim or presently intends to make a claim against American under the bonds.

4. Banner's labor and materialmen under the four contracts have been paid in full or will be paid in full in the reasonably near future.

5. This Court had previously approved of Banner's acceptance of the Hallmark, S.S. Admiral, St. Louis Centre, and Bi-State Garage contracts and its rejection of the Ballston Common Mall executory contract pursuant to 11 U.S.C. § 365.

6. Banner has sold, with approval of the Court by Order dated December 27, 1985, its structural steel relating to the Ballston Common Mall executory contract to Montague Betts Company, pursuant to 11 U.S.C. § 363.

7. On November 30, 1984, the Court set March 26, 1985 as the last day for filing claims against Banner. American had actual notice of this bar date.

8. Gilbane Building Company, Pepper/Tarlton Construction Company, Fleischer-Seeger Construction Company and Bi-State Development Agency have not filed proofs of claim against Banner and American has not filed claims on behalf of these four entities.

9. The estimated value of claims numbered 425, 426, 428 and 429 is zero.

10. Counsel for American Insurance Company acknowledged on the record that the claims filed on behalf of American Insurance Company were contingent.

## CONCLUSIONS OF LAW

1. Banner's objections to American's claims relating to the Hallmark, S.S. Admiral, St. Louis Centre, and Bi-State Garage executory contracts are sustained and American's claims shall be disallowed with respect to said claims based on the following alternative grounds.

(a) American has not met its burden of proving that it has paid or will pay any creditors any claims relating to its bonds on the Hallmark, S.S. Admiral, St. Louis Centre, or Bi-State Garage contracts;

(b) Section 502(e)(1)(A) of the Bankruptcy Code requires the Court to disallow American's claims because none of the creditors to whom American and Banner may be mutually liable have filed claims against Banner.

(c) Section 502(e)(1)(B) of the Bankruptcy Code requires the Court to disallow American's claims because its claim for reimbursement from Banner, arising from its indemnity agreements or any possible rights of equitable subrogation, are contingent as American has paid no claims to any creditors to whom it is mutually liable with Banner due to the performance bonds and labor and material payment bonds.

2. American's Adversary Complaint No. 84-0398(2) is moot because Banner, with the Court's approval, has previously accepted the Hallmark, S.S. Admiral, St. Louis Centre, and Bi-State Garage contracts and has rejected the Ballston contract. Accordingly, the Court sustains with prejudice the motions to dismiss filed by the debtor, Centerre, and Gilbane.

3. On December 27, 1984, the Court held a hearing on Banner's motion to sell steel to Montague-Betts and distribute the sale proceeds. American was present by counsel and voiced an objection to the motion. The objection was overruled. American's Adversary Company No. 84-0432(2) raises the same issues as those resolved against American by the Court on December 27, 1984 and accordingly, American's Complaint must be dismissed with prejudice as being moot and res judicata.

In accordance with the above findings of fact and conclusions of law, IT IS HEREBY ORDERED THAT American's claim Nos. 425, 426, 428 and 429, relating to the Hallmark, S.S. Admiral, St. Louis Centre and Bi-State Garage contracts are disallowed in their entirety and that Banner's objections to said claims are sustained. IT IS FURTHER ORDERED that American's Adversary Complaints Nos. 84-0398(2) and 84-0432(2) are dismissed with prejudice.