### In re FRIENDSHIP CHILD DEVELOPMENT CENTER, INC., Debtor.

**Bankruptcy No. 6–90–502.**

United States Bankruptcy Court,
D.. Minnesota,
Third Division.

June 4, 1992.

---

John Hatling, Fergus Falls, MN, for debtor.

Peter Hoff, Fergus Falls, MN, for Larry Barber (having unsecured claim in matter).

## ORDER

DENNIS D. O'BRIEN, Chief Judge.

This matter came before the Court on April 29, 1992, on objection by Friendship Child Development Center, Inc. ("Debtor") to the unsecured claim of Larry Barber ("Barber") in the amount of $8,996.98. John Hatling represents the Debtor. Peter Hoff represents Barber. Based upon all of the files and records in this case, and being fully advised in the premises, the Court now makes this ORDER pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I.

The Debtor was created in January 1987 to meet the child care needs of the employees at the Fergus Falls Regional Treatment Center. Barber was an original director of the corporation. In October 1989, Barber gave a personal guaranty to American Federal Savings Bank ("American") for indebtedness of the Debtor in the principal amount of $9,624.86. Debtor defaulted on the indebtedness to American in early 1990. After filing suit in Otter Tail County District Court, American obtained a judgment against the Debtor and Barber in September 1990. The Court found Barber to be a guarantor of the promissory note with joint and several liability on the judgment. Additionally, the Court found Barber to be entitled to contribution and indemnification from the Debtor.

On October 1, 1990, the Debtor filed for Chapter 11 protection. American filed a proof of claim against the Debtor. Barber filed a proof of claim based upon the guaranty and the judgment for an unsecured nonpriority claim of $8,996.98 on December 10, 1990. The Debtor objects to the allowance of Barber's claim, arguing that payment of both claims in its plan of reorganization would be duplicative, and result in excessive payments to the nonpriority unsecured claims.

### II.

Does Larry Barber's status as a party entitled to contribution and indemnification entitle him to an allowed unsecured claim in excess of amounts he actually paid on the guaranteed debt?

### III.

Sections 101(4)(A) and 101(9)(A) provide that a guarantor is a creditor of the debtor because the guarantor has a contingent right to payment. *Matter of Midwestern Companies, Inc.*, 102 B.R. 169, 171 (W.D.Mo.1989). However, Barber's claim status is contingent upon his payment to American on the Debtor's obligation.

Bankruptcy Code sections 502(e)[1] and

---

1. § 502. Allowance of claims or interests.

(e)(1) notwithstanding subsections (a), (b), and (c) of this section and paragraph (2) of this subsection, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on, or has secured, the claim of a creditor, to the extent that—

  (A) such creditor's claim against the estate is disallowed;

(B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution; or

  (C) such entity asserts a right of subrogation to the rights of such creditor under section 509 of this title.

(2) A claim for reimbursement or contribution of such an entity that becomes fixed after the

509 [2] are the applicable sections to the analysis of the rights of guarantors, indemnitors and other parties jointly liable with the Debtor, against the Debtor's bankruptcy estate. Congress envisioned a broad reading of these sections. The legislative history clearly shows that:

> [T]he obvious intentions of the Code draftpersons [was] to cover the entire field of treatment of claims of indemnitors and contributors in 11 U.S.C. §§ 502 and 509, it appears to us illogical to give § 502(e)(1)(B) a narrow reading ... Congress clearly meant to include all situations wherein indemnitors or contributors could be liable with the debtor within the scope of § 502(e)(1)(B).

*In re Amatex Corp.*, 110 B.R. 168, 171 (Bankr.E.D.Pa.1990). *See also In re Early & Daniel Indus., Inc.*, 104 B.R. 963, 965–968 (Bankr.S.D.Ind.1989) (See for discussion of the legislative histories of §§ 502(e) and 509).

Section 502(e)(1)(B) requires the disallowance of a claim for reimbursement "to the extent ... that such claim ... is contingent as of the time of the allowance or disallowance of such claim." Since Barber has not paid American, thereby establishing his right to payment from the Debtor, as of the date of the ruling on this objection, Barber's claim is contingent and must be disallowed under § 502(e)(1)(B). *Matter of Baldwin–United Corp.*, 55 B.R. 885, 895 (Bankr.S.D.Ohio

1985). By disallowing such a claim except to the extent the guarantor actually paid the debt, the practical result will be to prevent the competition between American and Barber for the limited dividends of the estate. *In re Early & Daniel*, 104 B.R. at 965.

Despite the fact that Barber obtained a judgment giving him a right to indemnification from the Debtor, his claim remains contingent. *Cf. In re Early & Daniel*, 104 B.R. 963. (The claim of a guarantor with a contractual right of indemnification was disallowed as a contingent claim, and not a fixed but unliquidated claim).[3]

Barber may have made payments to American subsequent to the hearing on the objection to his claim.

> If the codebtor pays the creditor postpetition but prior to allowance or disallowance, the codebtor's claim will be allowed to the extent paid, if otherwise allowable under § 502, as if it were paid prepetition. 11 U.S.C. § 502(e)(2). Read together, § 502(e)(1)(B) and (e)(2) evince Congressional intent that the codebtor will be allowed his claim for contribution only to the extent he has paid the debtor's creditor.

*Matter of Baldwin–United Corp.*, 55 B.R. at 985. *See In re Early & Daniel*, 104 B.R. at 966. Any payments Barber has made prior to the entering of this order entitle him to

---

commencement of the case shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) of this section, the same as if such claim had become fixed before the date of the filing of the petition.

2. § 509. Claims of codebtors.
(a) Except as provided in subsection (b) or (c) of this section, an entity that is liable with the debtor on, or that has secured, a claim of a creditor against the debtor, and that pays such claim, is subrogated to the rights of such creditor to the extent of such payment.
(b) Such entity is not subrogated to the rights of such creditor to the extent that—
(1) a claim of such entity for reimbursement or contribution on account of such payment of such creditor's claim is—
(A) allowed under section 502 of this title;
(B) disallowed other than under section 502(e) of this title; or
(C) subordinated under section 510 of this title; or

(2) as between the debtor and such entity, such entity received the consideration for the claim held by such creditor.
(c) The court shall subordinate to the claim of a creditor and for the benefit of such creditor an allowed claim, by way of subrogation under this section, or for reimbursement or contribution of an entity that is liable with the debtor on, or that has secured, such creditor's claim, until such creditor's claim is paid in full, either through payments under this title or otherwise.

3. In New York, a promise to indemnify a surety or guarantor is implied by operation of law even if that promise is not expressly provided for in the guarantee. *In re J.T. Moran Fin. Corp.*, 124 B.R. 926, 931 (Bankr.S.D.N.Y.1991). Therefore, since each guarantee can be a contingent claim even with the implied right to indemnity, Barber's right to indemnity does not remove the contingency.

allowance of his claim under § 502(e)(2) limited to actual payments made.[4]

Based on the foregoing, the Debtor is entitled to an order sustaining its objection to the claim of Larry Barber.

Now, therefore, IT IS ORDERED:

The claim of Larry Barber is disallowed to the extent that he has not paid American Federal Savings Bank.

---

4. Section 502(e)(1)(C) disallows any claim of a codebtor for contribution where a claim of subrogation under § 509 has been made. Congress intended to require the codebtor to elect a claim for reimbursement and contribution or a claim of subrogation, thereby protecting "the debtor's estate from making multiple payments on a single claim." *Matter of Baldwin–United Corp.,* 55 B.R. at 895. This choice gives the guarantor the opportunity to elect the more advantageous strategy for seeking satisfaction of its claim either through reimbursement under § 502(e) or subrogation under § 509.

Under § 509 treatment, Barber's claim would be subrogated to the rights of American to the extent of his payment. 11 U.S.C. § 509(a).

However, under § 509(c), Barber's claim of subrogation is subordinated until American was paid in full.

In determining the more advantageous choice for the election, it must first be noted that Barber's claim for reimbursement, or his claim for subrogation, would be allowed in the same amount regardless of the election of § 502(e) or § 509. However, a claim under § 502(e) would not be subject to subordination as would the § 509 claim.

In allowing Barber's claim under § 502(e)(2) to the extent he has paid American, rather than under § 509, this Court presumes Barber's intent to elect the more advantageous choice to the claimant.