**In re ECCO D'ORO FOOD CORPORATION, an Illinois corporation, Debtor.**

**No. 99 B 16970.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

June 7, 2000.

Jessica Tovrov, Peterson & Ross, Chicago, IL, for Genesys Group.

David N. Missner, Piper, Marbury, Rudnick & Wolfe, Chicago, IL, for debtor.

Steven B. Towbin, Michael J. Golde, D'Ancona & Pflaum, William A. Brandt,

Jr., Christine DePaul, Development Specialists, Inc., Stephen G. Wolfe, Office of the United States Trustee, Chicago, IL, for the Committee.

### *MEMORANDUM OPINION*

RONALD BARLIANT, Bankruptcy Judge.

This dispute arises from a contract between Ecco D'Oro Food Corporation, an Illinois corporation ("the Debtor") and Genesys Group pursuant to which Genesys leased 70 employees to the Debtor to work in the Debtor's Michigan factory. Genesys has filed a proof of claim to recover sums owed to the leased employees and asserts that this claim is entitled to priority distribution because it is a claim for employee wages. The Debtor and the committee of unsecured creditors dispute the claim and assert that even if the claim were allowed, it would not be entitled to priority treatment. The Court agrees with the Debtor and committee.

### *BACKGROUND*

On March 16, 1998, the Debtor and Genesys entered into a contract for Genesys to lease employees to the Debtor. The contract provided that Genesys would provide 70 employees to the Debtor and the Debtor would pay Genesys for costs incurred by it in connection with the employees, including payroll, as well as an additional administrative fee for each employee provided.

On May 27, 1999, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.[1] Genesys filed a proof of claim in the amount of $32,863.90. Genesys characterized the claim as one for "wages, salaries or commissions ... earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier—11 U.S.C. § 507(a)(3)." It is ap-

parent that Genesys is attempting to assert this claim to recover amounts owed but unpaid to the employees. Genesys further asserts that all but a small portion of the claim is entitled to priority status under § 507(b) because the underlying debt is for pre-petition wages.

The Debtor and the committee of unsecured creditors have objected to Genesys's claim. The Debtor and committee believe the claim is contingent and therefore barred by § 502(e)(1)(B). The Debtor and committee further contend that, to the extent that Genesys may hold any unsecured claim, it would not be entitled to priority under § 507(a)(3)(A). Any assertion by Genesys of the rights of the employees could arise only by subrogation, but, the Debtor and committee argue, § 507(d) expressly excludes the holder of a subrogated claim that would have been entitled to priority under § 507(a)(3) from asserting such priority.

During the pendency of the objections to the claim, the underlying employee claims were adjudicated and determined as to priority and amount. Although Genesys has not paid anything to the employees on their claims, it argues that it will be liable for all amounts owed to the employees to the extent that they are not paid by the Debtor.

Finding Genesys' claim to be contingent, the Court disallows the claim pursuant to § 502(e)(1)(B). Further, under § 507(d) the claim, even if allowed, would not be a priority claim.

### *DISCUSSION*

The allowance of claims in a bankruptcy estate is governed by § 502; claims for reimbursement and contribution are governed by § 502(e). Section 502(e) states:

> ... the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or

---

1. Unless otherwise indicated, all further statutory references are to the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

has secured the claim of a creditor, to the extent that—

    . . .

    (B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement · or contribution; . . . .

11 U.S.C. § 502(e).

■ Genesys denies that its claim is "contingent," arguing that, because it will alone be liable for any amounts owed to the employees but unpaid by the bankruptcy estate, Genesys' liability is fixed and therefore not contingent; rather, merely the amount of Genesys' liability is undetermined. Therefore, Genesys argues, the debt is unliquidated, but not contingent, and cannot be disallowed under § 502(e)(1)(B).

Genesys misconstrues the contingency to liability on a co-debtor's claim for reimbursement. The contingency is payment of the underlying claim. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 354, *reprinted in* U.S.Code Cong. & Admin.News 1978, 5963, 6310. *See also In re Early & Daniel Industries, Inc.,* 104 B.R. 963 (Bankr. S.D.Ind.1989). Once the underlying creditor is paid by the party seeking contribution or reimbursement, the right to payment from the other co-debtor becomes fixed, § 502(e)(1)(B) becomes inapplicable, and the claim may be allowed, but not until then.

As Genesys has correctly asserted, its relationship with the Debtor is governed by Michigan law, and under that law they are co-employers, with each having liability to the employees. *Kidder v. Miller–Davis Co.,* 455 Mich. 25, 564 N.W.2d 872 (1997). Under Michigan law, therefore, each is liable to the employees. But what matters here is the liability of one co-debtor (the Debtor) to the other (Genesys). That liability is not, and cannot, be fixed until Genesys pays the employees. In other words, Genesys cannot seek reimbursement until there is something to reimburse.

■ Genesys argues that because the Debtor's liability to the employees has been fixed by this Court, "the Debtor's obligation to the employees is terminated; the employees have been removed from the 'debt relationship.'" Genesys further argues that a shortfall remains and, to the extent the employees have not been paid in full, Genesys will be solely liable for the shortfall. Thus, Genesys argues, its claim against the Debtor is fixed and not contingent. But in this argument, and the cases it cites in support, Genesys is confusing a claim by a creditor against a debtor with a claim by one co-debtor against another co-debtor for reimbursement. In the former situation (as in Genesys's authorities) liability may be fixed even though the amount remains uncertain. In the latter case (which is this one) the liability itself depends upon payment of the joint debt.[2] Liability is not fixed until that event happens. Therefore, a claim becomes fixed when a jointly-liable party pays the obligation. *In re Early & Daniel Indus., Inc.,* 104 B.R. 963 (Bankr.S.D.Ind.1989). Since that has not happened here, the claim is a contingent claim for reimbursement and must be disallowed.

■ Assuming, *arguendo*, that Genesys' claim could be allowed, it would not have priority status under § 507(a)(3). While § 507(a)(3) provides for priority of unsecured claims up to certain amounts owed as pre-petition wages, Genesys, despite be-

---

**2.** Indeed, the distinction is made in the very cases cited by Genesys. "Direct contingent claims are not disallowed by § 502(e)(1)(B)." *In re MEI Diversified, Inc. (Potter v. CNA Insurance Companies),* 106 F.3d 829, 830 (8th Cir.1997) (estimated claim for insurance premiums distinguished from claim for reimbursement of benefits paid); *In re Drexel Burnham Lambert Group, Inc.,* 148 B.R. 982 (Bankr.S.D.N.Y.1992) (disallowing under § 502(e)(1)(B) the claimant's claim for indemnification against possible judgments in pending lawsuits but allowing its claim for indemnification of defense costs the claimant had already paid).

ing a lessor of employees, would only be entitled to a general unsecured claim that would not be entitled to priority distribution. Genesys could only attempt to characterize its claim as one for pre-petition wages through principles of subrogation. If Genesys had paid the employees' claims in full, Genesys might then have been subrogated to the claims of the employees against Debtor. Section 507(d) provides, however, that, "[a]n entity that is subrogated to the rights of a holder of a claim of the kind specified in subsection (a)(3) ... of this section is not subrogated to the right of the holder of such claim to priority under such subsection." Because Genesys' asserted right to priority could only arise from its alleged subrogation to the claims of the employees, no claim that Genesys might assert would be entitled to priority under § 507(a)(3).

### CONCLUSION

The claim asserted by Genesys is a contingent claim and must be disallowed under § 502(e)(1)(B).