In re LAIDLAW USA, INC., Laidlaw Inc., Laidlaw Investments Ltd., Laidlaw International Finance Corporation, Laidlaw Transportation, Inc., Laidlaw One, Inc., Debtors.

Nos. 01–14099 K to 01–14104 K.

United States Bankruptcy Court, W.D. New York.

Dec. 23, 2002.

Richard M. Cieri, Kevin D. Orr, Jones, Day, Reavis & Pogue, Cleveland, OH, Paul E. Harner, Joseph M. Witalek, Jones, Day, Reavis & Pogue, Columbus, OH, Garry M. Graber, Hodgson Russ LLP, Buffalo, NY, for the Debtor.

Joseph W. Allen, Charles D. Grieco, Jaeckle, Fleischmann & Mugel, LLP, Buffalo, NY, for Solvent Chemical Co., Inc. and ICC Industries, Inc.

MICHAEL J. KAPLAN, Bankruptcy Judge.

The exigencies of this case do not afford the Court the time to write a lengthy exposition of the narrow issue presented here. It has been well and thoroughly briefed and argued by counsel; the briefs and transcripts are public record. The Court writes on this narrow point because it is dispositive here, and has not been illuminated in the published cases.

Does 11 U.S.C. § 502(e)[1] have any application at all to a contingent claim for contribution or reimbursement if the primary obligee has waived its claim against the debtor?

---

1. (e)(1) Notwithstanding subsections (a), (b) and (c) of this section and paragraph (2) of

this subsection, the court shall disallow any claim for reimbursement or contribution of

Stated otherwise, if D (a debtor) and C (a co-obligor, joint tortfeasor, etc.) are liable with each other to O (the obligee). But if O has waived any claim against D, does § 502(e) nonetheless command disallowance of C's contingent claim against D for reimbursement or contribution upon C's liability to O? This Court answers in the negative; § 502(e) has no application at all to these facts.

Here O (the primary obligee) is the State of New York under CERCLA. The State sued C (the co-obligor Solvent Chemical (and others)), and C sued D for contribution and reimbursement under CERCLA.[2]

O and C settled upon terms by which C is remediating the polluted site. And in the settlement O (the State) waived all claims against even the non-settling parties like this Debtor. Why it did so is not known to this Court, and is not relevant, at least in the absence of any claim of fraud, collusion or equitable conduct. (None of these are alleged here.) But if the Court were to guess why the State would waive claims against non-settling parties, it would guess that C, the settling party, insisted on that waiver to be sure that C will be able to pursue D and all other CERCLA PRPs unimpeded by defenses like that asserted here and defenses that might be unique to governmental claims.[3]

The Debtors here insist that § 502(e) requires disallowance of the co-obligors' claims here because (in their view) the text

an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that—

> (A) such creditor's claim against the estate is disallowed;
> (B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution; or
> (C) such entity asserts a right of subrogation to the rights of such creditor under section 509 of this title.
> (2) A claim for reimbursement or contribution of such an entity that becomes fixed after the commencement of the case shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) of this section, the same as if such claim had become fixed before the date of the filing of the petition.

2. There are many cases extending the reach of § 502(e) to CERCLA, for example: *Syntex Corp. v. The Charter Company (In re Charter Co.)*, 862 F.2d 1500 (11th Cir.1989); *Juniper Dev. Group v. Kahn (In re Hemingway Transp., Inc.)*, 993 F.2d 915 (1st Cir.1993); *Dant & Russell, Inc. v. Burlington Northern Railroad (In re Dant & Russell, Inc.)*, 951 F.2d 246 (9th Cir.1991); *In re New York Trap Rock Corporation*, 153 B.R. 648 (Bankr.S.D.N.Y.1993); *In re Eagle–Picher Industries, Inc.*, 144 B.R. 765

(Bankr.S.D.Ohio 1992). But none of those cases address the narrow point regarding a release of the debtor by the Plaintiff State. Cases most suggestive of the correct result deal with payment to the primary obligee. Some non-CERCLA cases clearly speak to the non-applicability of 502(e) where there has been payment to that obligee. For example, *In re Ecco D'Oro Food Corp.*, 249 B.R. 300 (Bankr.N.D.Ill.2000). *In re Microwave Products of America, Inc.*, 118 B.R. 566 (Bankr. W.D.Tenn.1990); *In re Banner Iron Works*, 69 B.R. 548 (Bankr.E.D.Mo.1987); *In re Friendship Child Development Center, Inc.*, 164 B.R. 625 (Bankr.D.Minn.1992); *In re Early & Daniel Industries, Inc.*, 104 B.R. 963 (Bankr. S.D.Ind.1989). See also, H. Rept. No. 95–959 p. 354, U.S.Code Cong. & Admin.News, 1978, pp. 5963, 6266 (Subsection (e) ... requires disallowance of a claim for reimbursement or contribution of a codebtor, surety or guarantor of an obligation of the debtor, *unless the claim of the creditor on such obligation has been paid in full*) (emphasis added); Cong. Rec. (Sept. 28, 1978) p. H 11094 (section 509(c) of the House amendment subordinates both a claim by way of subrogation or a claim of the assured party *until the assured party's claim is paid in full*.) ( emphasis added).

3. One can imagine the concerns one might have about "sharing" a claim with a state. E.g., are punitive damages awardable?

and the policy of the statute punish a co-obligor who fails to "fix" the otherwise contingent reimbursement/contribution claim before the reorganization court is asked to disallow it. To that point, the Court does not necessarily disagree. And this result is not dependent, the Debtors claim, on whether O's claim is or is not a filed claim or even on whether O waived any claim against D. Again, the Court does not necessarily disagree, up to a point.

It is the very last "even" that goes too far. Rule 3005 offers a process by which a co-obligor may file a claim on behalf of O in order to "fix" it. The availability of that process may well validate these Debtors' arguments as to claims by O that are not filed, but are still extant. Truly the Code might punish a co-obligor who lets the Rule 3005 opportunity to file O's claim *for O,* pass by.

But it seems to the Court that the well-worn principle that a "contingent" claim for contribution or reimbursement becomes "fixed," and thus *not* contingent, when or to the extent that the co-obligor pays that primary claim,[4] must produce the *same result* when D's liability to O has been "waived" by O as against D.

In other words, because the co-obligor may obtain a just participation or distribution in the reorganization case by paying off O in full, the result should be no different if O has waived any claim against D. As to the creditors of D— the very entities for whose benefit §§ 502, 509 and Rule 3005 exist—there is no difference. These provisions are an elegant mechanism by which Congress has achieved its stated goal of dealing with *all claims* against a debtor, "contingent or non-contingent."[5]

Once O has released D, C's claims for contribution or reimbursement stand on their own, free of § 502(e).

And the Court so rules. The objections are denied as to Solvent (and ICC). As to the claimants who did not oppose the Debtor's Objections, the claims will be disallowed because (as argued by the Debtors) those claimants are co-defendants, not third party plaintiffs, and, consequently, § 502(e) applies fully when one views Solvent and ICC as a new "O."

SO ORDERED.

4. See Footnote 2, above.

5. See, H. Rept. No. 95–595, p. 309, U.S.Code Cong. & Admin.News, 1978, pp. 5963, 6266 ("By this broadest possible definition [of a claim], and by the use of the term throughout the title 11 ... the bill contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy court."); H. Rept. No. 95–595, p. 354, U.S.Code Cong. & Admin.News, 1978, pp. 5963, 6310 ("Subsection (c) requires the estimation of any claim liquidation of which would unduly delay the closing of the estate, such as a contingent claim ... [and] that all claims against the debtor be converted into dollar amounts.")